UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS LEWIS JONES,

        Petitioner,        Case No. 1:08-cv-916

v.        Honorable Robert Holmes Bell

BLAINE C. LAFLER,

        Respondent.

_____

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the amended petition must be dismissed for lack of subject-matter jurisdiction.

**Factual Allegations**

Petitioner presently is incarcerated at the Carson City Correctional Facility. After a jury trial, Petitioner was convicted in the Kent County Circuit Court of felonious assault, MICH. COMP. LAWS § 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b. On April 24, 1991, the trial court sentenced Petitioner to one to four years' imprisonment for the felonious assault conviction and two years' imprisonment for the felony-firearm conviction. (Am. Pet. at 1, docket #9.) Petitioner appealed his convictions to both the Michigan Court of Appeals and the Michigan Supreme Court. On February 2, 1994, the Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. (Ex. A to Br. in Supp. of Pet., docket #4.) The Michigan Supreme Court denied leave to appeal on August 29, 1994 because the court was not persuaded that the question presented should be reviewed by the court. (*Id.*) The Michigan Department of Corrections (MDOC) fully discharged Petitioner's felony-firearm conviction on November 25, 1996 and felonious assault conviction on July 20, 2000.[1] Petitioner, however, is still in custody pursuant to subsequent convictions.

On July 26, 2006, Petitioner filed his first motion for relief from judgment in Kent County Circuit Court pursuant to MICH. CT. R. 6.500 *et seq*. (Ex. C to Br. in Supp. of Pet.) The trial court denied Petitioner's motion on September 8, 2006. The Michigan Court of Appeals and Michigan Supreme Court denied Petitioner's applications for leave to appeal on November 28, 2007 and June 23, 2008, respectively, for failure to satisfy the requirements of MICH. CT. R. 6.508(D). (*Id.*)

---

[1] This Court obtained Petitioner's discharge dates from the MDOC Offender Tracking and Information System (OTIS), *see* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=221006.

On July 10, 2008, Petitioner filed his second motion for relief from judgment in Kent County Circuit Court. The trial court refused to accept Petitioner's motion for filing under MICH. CT. R. 6.502(G) on August 4, 2008. (Ex. C to Br. in Supp. of Pet.) Petitioner now raises three grounds for federal habeas corpus relief.

**Discussion**

The purpose of the writ of habeas corpus is to free individuals from wrongful restraints upon their liberty. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) provide that a § 2254 habeas petition may be filed when a person is "in custody" for that conviction "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a). An applicant for habeas corpus relief must be "in custody" when the petition is filed in order to vest the court with jurisdiction to grant a petition for a writ of habeas corpus. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also* 28 U.S.C. §§ 2241(c)(3) & 2254(a).

When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). A petitioner satisfies the "in custody" requirement by directly attacking a sentence that he is currently serving. *Id.* at 401-02. The sentence for Petitioner's felony-firearm conviction expired on November 25, 1996 and the sentence for the felonious assault conviction expired on July 20, 2000. Petitioner, therefore, is in custody only pursuant to later convictions. Because Petitioner is no longer "in custody" pursuant to the 1991 convictions, he may not directly attack the 1991 convictions through the instant habeas petition. *See* 28 U.S.C. § 2254(a); *see also Lackawanna*, 532 U.S. at 401. As a

result, this Court lacks subject matter jurisdiction to consider Petitioner's challenge to his 1991 convictions in his application for habeas corpus relief.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's amended application pursuant to Rule 4 for lack of subject matter jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: January 8, 2009            /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE