UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CURTIS LEWIS JONES,

        Petitioner,         Case No. 1:08-cv-916

v.        Honorable Robert Holmes Bell

BLAINE C. LAFLER,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. After a jury trial, in Case No. 90-52941-FH, Petitioner was convicted of felonious assault, MICH. COMP. LAWS § 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b. On April 24, 1991, the trial court sentenced Petitioner to one to four years' imprisonment for the felonious assault conviction and two years' imprisonment for the felony-firearm conviction.[1] (Am. Pet., docket #9, Page ID#79.) On September 30, 2008, Petitioner filed his application for habeas corpus relief in this Court. Shortly thereafter, the Court ordered Petitioner to file an amended petition. On December 11, 2008, Petitioner filed his amended petition. On January 8, 2009, this Court entered an opinion and judgment dismissing Petitioner's amended application for habeas corpus relief because the Court lacked subject matter jurisdiction over Petitioner's action. The Court determined that Petitioner was no longer "in custody" of the

---

[1] In a separate jury trial, in Case No. 90-52942-FC, Petitioner was convicted of possession of a firearm during the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b, and second-degree murder, MICH. COMP. LAWS § 750.317, arising from an incident that occurred the same day, October 25, 1990, as Case No. 90-52941-FH.

felonious assault and felony-firearm convictions and denied Petitioner a certificate of appealability. On February 12, 2009, however, this Court vacated its prior judgment and granted Petitioner a certificate of appealability, in part, on whether Petitioner was "in custody" under Section 2254.

On November 9, 2009, the Sixth Circuit Court of Appeals affirmed this Court's January 8, 2009 judgment dismissing Petitioner's amended habeas petition. Petitioner then moved for a rehearing of the Sixth Circuit's order. On January 20, 2010, the Sixth Circuit granted Petitioner's motion for a rehearing and remanded Petitioner's case to this Court for an evidentiary hearing on whether Petitioner satisfied the "in custody" requirement under Section 2254. The Sixth Circuit explained:

> [Petitioner] has provided the court with a copy of the unpublished opinion of the Michigan Court of Appeals regarding his direct appeal for the second-degree murder and felony firearm convictions. *People v. Jones*, No. 150876 (Mich. Ct. App. Dec. 7[,] 1994). The opinion establishes that the two discharged convictions concerned an incident between [Petitioner] and a Raphael Evans. According to the court, Evans pushed [Petitioner] on October 24, 1990. [Petitioner] threatened Evans, telling Evans that he would "be back." The following day, [Petitioner] placed a pistol to Evans's head and threatened Evans. [Petitioner] then walked away and [Petitioner] was separately charged and convicted of felonious assault and felony firearm for this incident – the discharged convictions in question.
>
> Later that evening, [Petitioner] was observed with a weapon, larger than a pistol, which [Petitioner] used to shoot and kill Evans's fourteen year-old cousin, Bjorn White. It is this incident that led to the second-degree murder and felony firearm convictions. *Id*. at 1.
>
> What is unclear, and why we remand this case to the district court, is how [Petitioner]'s sentences are to be served. In the "Judgment of Sentence" for Case No. 90-52941-FH, the discharged convictions, the trial court ordered that the sentences were to "comm [sic] at termination of sentence imposed in Case No. 90-50922-FH." It appears that the quoted section means that [Petitioner] is to start serving his assault and firearm sentences after the termination of his sentence in No. 90-50922-FH. In other words, the discharged sentences are consecutive to No. 90-50922-FH. The records of the Michigan Department of Corrections and [Petitioner]'s presentence report for the second-degree murder conviction establishes that No. 90-50922-FH is

> [Petitioner]'s cocaine conviction which has yet to be discharged. If the documents before the court are correct, the cocaine conviction should also be discharged, and/or the convictions in questions should not have been discharged. The second[-]degree murder and the felony[-]firearm convictions were ordered to be served concurrently with the discharged convictions and a prior breaking and entering conviction, which has also been discharged.
>
> In *Garlotte v. Fordice*, 515 U.S. 39, 45-46 (1995), the Court stated that a prisoner who is serving consecutive sentences is deemed "in custody" for the purposes of § 2254 for "any one" of the consecutive sentences. *See also Peyton v. Rowe*, 391 U.S. 54, 67 (1968). The conflicting information now before us, however, makes it impossible to determine how [Petitioner]'s sentences are structured. Because any decision at this stage of the litigation would require us to resort to speculation, we remand the case to the district court for an evidentiary hearing in order to make findings of fact regarding [Petitioner]'s sentences. *See United States v. Carr*, No. 08-5700, 2009 WL 4795861, at *5 (6th Cir. Dec. 14, 2009) (Moore, J., concurring) (citing *Ford Motor Co. v. Lloyd Design Corp.*, 22 F. App'x 464, 468-69 (6th Cir. 2001)). After a hearing, the district court should reevaluate the evidence in light of *Garlotte*, *Peyton*, and *Maleng v. Cook*, 490 U.S. 488, 490-92 (1989), to determine whether Jones is "in custody" for the purposes of § 2254 regarding the discharged convictions.

(Jan. 20, 2010 Sixth Cir. Court of Appeals, docket #26, Page ID##148-49.)

The Court has since reviewed the Kent County Circuit Court's Judgment of Sentences in Case Nos. 90-50922-FH and 90-52941-FH and held an evidentiary hearing to determine how Petitioner's sentences were to be served in those cases. According to the Judgment of Sentence in Case No. 90-52941-FH for the felonious assault and felony-firearm convictions (collectively, discharged convictions), Petitioner was sentenced to one to four years' imprisonment for the felonious-assault conviction and two years' imprisonment for the felony-firearm conviction. In Case No. 90-52941-FH, the Judgment of Sentence provides the following consecutive sentencing string:

> [Commence] at termination of sentence imposed in Case No. 90-50922-FH [cocaine conviction]. Sentence in Ct 1 [felony-firearm] shall be in addition to, shall be served consecutively with and shall precede the sentence imposed in Ct 2 [felonious assault].

(Ex. B to Pet'r's Reply, docket #48-2, Page ID#203.) The Judgment of Sentence for the discharged convictions references Case No. 90-50922-FH as the first component of the sentencing string. In Case No. 90-50922-FH, Petitioner was convicted of attempted possession with intent to deliver cocaine (cocaine conviction), MICH. COMP. LAWS § 333.7401(2)(a)(iv)(a). For the cocaine conviction, the trial court sentenced Petitioner to two to five years' imprisonment on April 18, 1991[2]. (Ex. C to Pet'r's Reply, docket #48-3, Page ID#205.)

In summary, the Judgment of Sentence for the discharged convictions, Case No. 90-52941-FH, provides that Petitioner must serve his five-year prison sentence for the cocaine conviction first, and, then, a two-year sentence for the felony-firearm conviction, and, finally, a four-year sentence for the felonious assault conviction. In all, Petitioner received a maximum sentence of eleven years. The Michigan Department of Correction's (MDOC) Offender Tracking Information System (OTIS) lists Petitioner's discharge date for his felony-firearm conviction as November 25, 1996, and for his felonious assault conviction as July 20, 2000.[3] Although the maximum prison term for Petitioner's cocaine conviction has expired,[4] Petitioner's cocaine conviction is still listed as active in OTIS. Because his cocaine conviction is still listed as "active," Petitioner claims that he is "in custody" under Section 2254 for the discharged convictions. Petitioner's cocaine conviction is still listed on OTIS as active, however, because the cocaine conviction was a part of another sentencing string in Case No. 90-52942-FC.

---

[2]Petitioner's charges for Case Nos. 90-52942-FC and 90-52941-FH arose while he was on bond for the cocaine conviction.

[3]*See* Petitioner's inactive convictions in the MDOC Offender Tracking Information System at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=221006.

[4]Petitioner was sentenced to a prison term of two to five years for the cocaine conviction on April 18, 1991, and, thus, he would have reached his maximum prison term in 1996.

In Case No. 90-52942-FC, Petitioner was convicted of felony-firearm, MICH. COMP. LAWS § 750.227b, and second-degree murder, MICH. COMP. LAWS § 750.317. According to the Judgment of Sentence for Case No. 90-52942-FC, on December 5, 1991, Petitioner was sentenced to prison terms of two years for the felony-firearm conviction and life for the second-degree murder conviction. The trial court ordered Petitioner's sentence to commence as follows:

> commencing at termination of sentence imposed in Case No. 90-50922-FH [cocaine conviction]. Sentence in [Count] 2 [felony-firearm] shall be in addition to, shall be served consecutively with and shall precede the sentence imposed in [Count] 1 [second-degree murder]. *This sentence [is] to be served concurrently with sentences imposed in Case Nos. 90-52941-FH [discharged convictions] and 91-54885-FH.*

(Notice, docket #53-1, Page ID#260) (emphasis added). In summary, the Judgment of Sentence for Case No. 90-52942-FC provides that Petitioner must serve his two-to-five-year prison sentence for the cocaine conviction first, and, then, a two-year prison sentence for the felony-firearm conviction, and, finally, a life prison sentence for the second-degree murder conviction.

The Court held an evidentiary hearing regarding the custody issue on November 8, 2010. Diana Judge, the MDOC records administrator, testified that the maximum prison terms for Petitioner's discharged convictions had expired, and, thus, he was no longer in custody on those convictions. (Evid. Hr'g, docket #50, Page ID#225.) Ms. Judge concluded that the discharged convictions were a part of a non-controlling sentencing string. She explained:

> [T]he Department of Corrections computes inmate release dates based on the judgments of sentences[. W]e identify the sentence or sentences that is going to cause the inmate to serve the most amount of time. When it's more than one sentence due to consecutive language, we call it a string. So when the multiple sentences in a consecutive string – when there's two consecutive strings as in this case, we identify the string that is going to cause the inmate to serve the most time and we consider that the controlling consecutive string. In this particular scenario[,] we have both a controlling and a noncontrolling consecutive string, and that's why [the felonious assault] and [felony-firearm] are terminated, but [the cocaine

> conviction] is still active, because [the cocaine conviction] is part of both the consecutive – the controlling consecutive string and the non-controlling consecutive string based on the judgments of sentence.

(Evid. Hr'g, docket #50, Page ID#227.) Ms. Judge testified that the cocaine conviction would remain active as long as the life sentence from the second-degree murder was in place in the controlling sentencing string. If Petitioner was paroled on the second-degree murder conviction or if the second-degree murder conviction was thrown out, he would be released. Ms. Judge noted that the noncontrolling sentencing string for the cocaine, felony-firearm and felonious assault was terminated in 2000 when Petitioner served his maximum prison term on those convictions. (*Id.* at Page ID##229, 230, 233, 236, 237.)

In its order of remand, the Sixth Circuit instructed this Court to analyze Petitioner's claims in light of the Supreme Court decisions in *Garlotte v. Fordice*, 515 U.S. 39 (1995), *Peyton v. Rowe*, 391 U.S. 54 (1968) and *Maleng v. Cook*, 490 U.S. 488, 490-92 (1989). In *Maleng*, the Court found that a habeas petitioner cannot be considered "in custody" under a conviction when the sentence imposed for that conviction had fully expired at the time the petition is filed. *Maleng*, 490 U.S. at 491. As stated by the *Maleng* Court,

> [t]he question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.

*Id.* at 492. In *Maleng*, the petitioner was sentenced to prison in 1978 for a crime he had committed while he was on parole from a 1958 conviction. The sentence for the 1958 conviction expired in 1978. Nonetheless, the petitioner sought to challenge his 1958 conviction by a petition filed in 1985,

while serving the 1978 sentence. The Supreme Court held that the petitioner was not "in custody" on the 1958 conviction, and, thus, habeas review was inappropriate. *Id.* at 489–92. Because Petitioner's maximum prison sentences for the discharged convictions expired in 2000, habeas review in Petitioner's case is also inappropriate.

Petitioner, however, argues that his case is similar to *Peyton v. Rowe*, 391 U.S. 54 (1968), and *Garlotte v. Fordice*, 515 U.S. 39 (1995). Those cases stand for the proposition that a prisoner who is serving an aggregate of several sentences is "in custody" for all of those sentences and may raise a habeas claim as to any of them. The Supreme Court in *Peyton* permitted prisoners that were serving the first of two consecutive sentences imposed by a state court to challenge the second sentence. Acknowledging that the prisoners were not technically "in custody" under the sentence each was challenging and that a successful challenge to the second sentence would not result in their immediate release, the Court nonetheless adopted an interpretation of § 2241(c)(3) "which views [the prisoners] as being 'in custody' under the aggregate of the consecutive sentences imposed on them." *Peyton*, 391 U.S. at 64. The Court explained that "[u]nder that interpretation, they are 'in custody in violation of the Constitution' if any consecutive sentence they are scheduled to serve was imposed as the result of a deprivation of constitutional rights." *Id.* at 64–65. The *Peyton* Court concluded that holding that a prisoner serving consecutive sentences is "in custody" under any one of them under § 2241(c)(3) "is consistent with the statutory language and with the purpose of the writ of habeas corpus in federal courts." *Id.* at 67.

*Garlotte* is "*Peyton*'s complement, or *Peyton* in reverse." *Garlotte*, 515 U.S. at 41. The Supreme Court in *Garlotte* explained:

> Like the habeas petitioners in *Peyton*, petitioner Harvey Garlotte is incarcerated under consecutive sentences. Unlike the *Peyton* petitioners, however, Garlotte does not challenge a conviction underlying a sentence yet to be served. Instead, Garlotte seeks to attack a conviction underlying the sentence that ran first in a consecutive series, a sentence already served, but one that nonetheless persists to postpone Garlotte's eligibility for parole. Following *Peyton*, we do not disaggregate Garlotte's sentences, but comprehend them as composing a continuous stream.

*Id.* The Court thus allowed review on the first conviction even though the sentence imposed on that conviction had expired. The *Garlotte* Court reasoned that "[h]aving construed the statutory term 'in custody' to require that consecutive sentences be viewed in the aggregate, we will not now adopt a different construction simply because the sentence imposed under the challenged conviction lies in the past rather than the future." *Id.* at 46. In conclusion, the Court reiterated that "[u]nder *Peyton*, we view consecutive sentences in the aggregate, not as discrete segments." *Id.* at 47.

Petitioner's case conforms to the holdings in *Peyton* and *Garlotte*. Under the reasoning of *Peyton* and *Garlotte*, Petitioner remains "in custody" under all of his consecutive sentences until they are all served. *See Garlotte*, 515 U.S. at 41. Petitioner has already served the maximum prison terms for all of his convictions in his sentencing string for Case No. 90-52941-FH (discharged convictions sentencing string). The maximum prison term for the cocaine, felony-firearm and felonious assault convictions was eleven years. Petitioner was sentenced on April 24, 1991, therefore, he reached his maximum prison term for the aggregate sentences eleven years later, or in 2002. The MDOC, however, lists Petitioner's discharge date for his felony-firearm conviction as November 25, 1996, and his felonious-assault conviction as July 20, 2000.[5] Even if the Court

---

[5]*See* Petitioner's inactive convictions in the MDOC Offender Tracking Information System at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=221006.

considers the later discharge date of 2002, it is still six years prior to the filing of Petitioner's application for habeas corpus relief.[6]

Because the MDOC lists Petitioner's cocaine conviction as "active," Petitioner contends that he is still "in custody" under the discharged convictions sentencing string in Case No. 90-52941-FH.  (Pet'r's Proposed Recommended Findings of Fact & Conclusions of Law, docket #57, Page ID#276.)  Petitioner is mistaken.  Petitioner's sentences for the discharged convictions were not consecutive to and may not be considered part of the sentencing string in Case No. 90-52942-FC.  In fact, the Judgment of Sentence for Case No. 90-52942-FC specifically provides that the discharged convictions sentencing string was to run *concurrently* with the sentencing string in Case No. 90-52942-FC (murder sentencing string).  Petitioner's murder sentencing string therefore has no effect on the length of Petitioner's discharged convictions sentencing string.  *See Wilson v. Straub*, 27 F. App'x 454, 456 (6th Cir. 2001) (holding that "one ceases to be in custody after one's sentence has fully expired and there is no showing of present restraint flowing from that conviction"); *King v. Bell*, No. 98–5997, 2000 WL 1091485, at *2 (6th Cir. July 27, 2000) (recognizing that the more liberal reading of "in custody" applies only to sufficiently related offenses such that the sentence for which the prisoner remains incarcerated is affected by the expired conviction).  Because the maximum prison terms of the cocaine conviction and discharged convictions have been served, this Court finds that Petitioner is no longer "in custody' pursuant to the discharged convictions for purposes of Section 2254.  *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (When a petitioner's sentence for a conviction has fully expired,

---

[6] Petitioner filed his original application for habeas corpus relief seeking habeas relief on or about April 30, 2008.

the conviction may not be directly challenged because the petitioner is no longer "in custody" pursuant to that conviction.) Petitioner therefore may not directly attack the discharged convictions through the instant habeas petition. *See* 28 U.S.C. § 2254(a); *see also Lackawanna*, 532 U.S. at 401. As a result, this Court lacks subject matter jurisdiction to consider Petitioner's challenge to his discharged convictions in his amended application for habeas corpus relief.

### Recommended Disposition

For the foregoing reasons, I respectfully recommend that the amended habeas corpus petition be denied.

Date:  March 20, 2012                                             /s/ Ellen S. Carmody
                                                                                   ELLEN S. CARMODY
                                                                                   United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).