UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS LEWIS JONES,

      Petitioner,

                              Case No.  1:08-CV-916

v.

                              HON. ROBERT HOLMES BELL

BLAINE C. LAFLER,

      Respondent.
                                     /

## O P I N I O N

On March 20, 2012, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R") recommending that Petitioner Curtis Lewis Jones's § 2254 petition for writ of habeas corpus be denied because Petitioner is no longer in custody on the felonious assault and felony-firearm convictions that were the subject of his petition. (Dkt. No. 70.) This matter is before the Court on Petitioner's objections to the R&R (Dkt. No. 79), on his motion for liberal construction (Dkt. No. 81), and on his motion to stay proceedings based on newly discovered evidence (Dkt. No. 87).

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Although the R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner contends that the R&R's conclusion that he is no longer "in custody"

pursuant to his discharged convictions for felony firearm and felonious assault in Case No. 90-52941-FH is clearly erroneous and an unreasonable application of the Supreme Court's holdings in *Maleng v. Cook*, 490 U.S. 488 (1989), *Garlotte v. Fordice*, 515 U.S. 39 (1995), and *Peyton v. Rowe*, 391 U.S. 54 (1968).  According to Petitioner, because his sentence in Case No. 90-52941-FH for felony firearm/ felonious assault and his sentence in Case No. 90-52942-FC for second degree homicide/felony firearm were both ordered to be served consecutively to his sentence in Case No. 90-50922-FH for attempt to deliver cocaine, the sentences compose a continuous stream and Petitioner remains in custody for all of his sentences until all are served.

Petitioner's argument is not persuasive.  Diana Judge, the Michigan Department of Corrections (MDOC) records administrator, testified that when, as here, there are two consecutive sentencing strings, the MDOC considers the sentencing string that will cause the inmate to serve the most time the controlling string. (Dkt. No. 50, Evid. Hr'g, Page ID#227.) In Petitioner's case, the cocaine, second degree homicide, and felony firearm string is the controlling string.  Petitioner's cocaine conviction is still active because it is part of that string.  Petitioner's noncontrolling sentencing string for the cocaine, felony-firearm and felonious assault convictions was terminated in 2000 when Petitioner served his maximum prison term on those convictions.  (*Id*. at Page ID##229, 230, 233, 236, 237.)  Accordingly, the Magistrate Judge correctly determined that the maximum prison terms for Petitioner's discharged convictions (the Case No. 90-52941-FH felony firearm/felonious assault

2

convictions) had expired, that he was no longer in custody on those convictions, and that the Court lacks subject matter jurisdiction over Petitioner's amended application for habeas corpus relief challenging these convictions. (R&R 9-10.)

Petitioner also objects to the R&R based on his contention that he is "in custody" on the felony firearm/felonious assault convictions because those convictions were considered and used by the trial court to enhance his sentence on the second-degree homicide conviction, for which he is still in custody. Although Petitioner's amended § 2254 petition is directed solely at his felony firearm/felonious assault conviction, Petitioner has filed a motion for liberal construction of his habeas petition as an attack on his current sentence for second degree homicide in Case No. 90-52942-FC. (Dkt. No. 81.) Although this motion, filed in response to the R&R, is not timely, the Court will liberally construe Petitioner's habeas petition as a challenge to his current sentence in Case No. 90-52942-FC. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001) (construing habeas petition as asserting a challenge to the current sentence, as enhanced by the allegedly invalid prior conviction). Such liberal construction, however, does not change the result in this case.

In support of his challenge to his current sentence, Petitioner relies on *Coss v. Lackawanna County District Attorney*, 204 F.3d 453 (3rd Cir. 2000), *rev'd*, 532 U.S. 394 (2001), which held that § 2254 provided a remedy for "an allegedly unconstitutional conviction, even if [the § 2254 petitioner] has served in entirety the sentence resulting from the conviction, if that conviction had an effect on a present sentence." *Id.* at 459-60.

Petitioner's reliance on the Third Circuit's opinion in *Coss* is misplaced because that opinion was reversed by the Supreme Court which held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna*, 532 U.S. at 403-04 (citation omitted). "[W]hen a petitioner's current sentence has been enhanced by a prior conviction, for which the sentence imposed has completely expired, the petitioner may not attack the prior conviction indirectly through an attack upon his current sentence if the prior conviction is no longer subject to challenge of its own accord." *Ferqueron v. Straub*, 54 F. App'x 188, 190 (6th Cir. 2002) (citing *Lackawanna*, 532 U.S. at 403-04). "The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner 'in custody' under § 2254(a)." *Id.* (citing *Maleng*, 490 U.S. at 492); *see also White v. Kapture*, 42 F. App'x 672, 673 (6th Cir. 2002) (same). The only exception to this general rule is that a petitioner may challenge a prior conviction used to enhance his sentence on the ground that there was a failure to appoint counsel in violation of the Sixth Amendment. *Lackawanna*, 532 U.S. at 404. "A three-justice plurality of the Court then speculated that there might be other exceptions to this rule, in situations where the subsequent federal habeas petition is 'the first and only forum available for review of the prior conviction.'" *Abdus-Samad v. Bell* 420 F.3d 614, 630 (6th

4

Cir. 2005) (quoting *Lackawanna*, 532 U.S. at 405-06). The two exceptions suggested by the plurality were: "(1) where a state court, without justification, refuses to rule on a constitutional claim that has been properly presented; and (2) where a defendant subsequently obtains 'compelling evidence that he is actually innocent.'" *Id.* (quoting *Lackawanna*, 532 U.S. at 405).

On October 9, 2012, Petitioner filed a motion to stay proceedings based on newly discovered evidence. (Dkt. No. 87.) Petitioner has presented what he characterizes as a June 22, 2012, sworn affidavit from prosecution key witness and alleged victim Rafael Evans admitting that in 1991 he gave perjured testimony in order to convict Petitioner in the felony firearm/felonious assault case. (*Id.* Ex A.) Petitioner contends that this affidavit is new evidence of actual innocence that he has not previously been able to present to the state courts, and that is it accordingly sufficient to satisfy the "in custody" requirements of *Lackawanna*.

Because the actual innocence exception was not agreed on by a majority of the justices in *Lackwanna*, it does not represent controlling law. Moreover, even assuming that the innocence exception did represent controlling law, it would not apply in this case because Petitioner has not shown that his claim of actual innocence relies on evidence that could not have been discovered earlier through the exercise of due diligence. In addition, even if the evidence could be deemed new, it is not persuasive or compelling. The affidavit is from only one witness, and it is clear from the affidavit itself that multiple witnesses testified against

5

Petitioner at trial. The evidence, therefore, does not meet the high standard set forth in *Lackawanna*. 532 U.S. at 405 (suggesting that collateral attack might be permissible where previously-unobtainable facts, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense") (citing 28 U.S.C. § 2244(b)(2)(B)).

Because the Court lacks subject matter jurisdiction to consider either Petitioner's direct challenge to his discharged convictions, or Petitioner's challenge to his current sentence as enhanced by the allegedly invalid prior convictions, no reasonable jurist could conclude that dismissing the petition is erroneous or that the Petitioner should be allowed to proceed further with an appeal. Therefore the Court will deny a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An order and judgment consistent with this opinion will be entered.


Dated: January 16, 2013                     /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE